```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- x
                                       :
In re: EPHEDRA PRODUCTS LIABILITY      :      04 MD 1598 (JSR)
LITIGATION.                            :
                                       :
-------------------------------------- x
PERTAINS TO ALL CASES


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- x
                                       :
In re: TL ADMINISTRATION CORPORATION,  :      Chapter 11 Case
et al. (f/k/a TWINLAB CORPORATION, et  :      No. 03-15564 (RDD)
al.),                                  :
                                       :      (Jointly Administered)
           Debtors.                    :
                                       :
-------------------------------------- x      ORDER DENYING RELIEF
                                              FROM AUTOMATIC STAY
```

JED S. RAKOFF, U.S.D.J.

     This is a motion for relief from the automatic stay by Melissa Barr, the named plaintiff in a putative class action that was pending against Twin Laboratories Inc. ("Twinlabs") in California state court when Twinlabs (now the Debtors) filed a bankruptcy petition in this district. Barr, alleging that Twinlabs sold ephedra dietary supplements through false advertising, seeks to represent all California consumers and obtain restitution under the state's Unfair Competition Law of the price paid for the products. Barr filed an $88-million proof of claim on behalf of herself and similarly situated California consumers and moved for relief from the automatic stay so that she could seek class certification and a trial in California to liquidate the claims. This Court has withdrawn the reference from the bankruptcy court with respect to consumer class

claims. Barr's motion had been adjourned by consent for various purposes, including a failed mediation, until May 5, 2005, when Barr's counsel reactivated it in open court.

On May 6, the Court, through the Special Master in the related case *In re Ephedra Products Liability Litigation*, 04 M.D. 1598, requested further briefing from Barr and parties interested in the Debtors' estate about the authority and applicability of *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365 (Bkrptcy. S.D.N.Y. 1997). Accordingly, the Debtors and Creditors' Committee jointly filed a Second Supplemental Brief, Barr filed Second Supplemental Brief in response, and the Debtors and Committee filed a Joint Reply, all focusing on issues raised by the *Woodward* case.

In *Woodward*, Bankruptcy Judge (now Chief Judge) Stuart M. Bernstein disallowed and expunged a consumer class claim by exercising his discretion not to apply Bankruptcy Rule 7023 to the class proof of claim. In addition to procedural reasons, Judge Bernstein gave as independent grounds "bankruptcy related reasons" which, on their face, appear indistinguishable from those here. Accordingly, the Special Master asked the parties to brief three issues: (1) whether the discretion exercised by Judge Bernstein in *Woodward* may be invoked on a motion for relief from an automatic stay, where no objection to the claim had been filed; (2) whether *Woodward* correctly states the applicable law or, if the law is unsettled, whether this Court should adopt Judge Bernstein's view of

the law; and (3) whether the "bankruptcy-related reasons" invoked by Judge Bernstein, 205 B.R. at 376, apply to the characteristics of the bankruptcy here, which the parties were asked to address with particularity.

After receiving the request for briefs on these issues, the Debtors and Creditors' Committee jointly filed an objection to five consumer protection class claims, including Barr's, together with a motion in the alternative to liquidate the consumer protection claims by estimation as provided in 11 U.S.C. § 502(c)(1).[1] The parties agree in their supplemental briefs that issue (1) is now moot because of the interposed objection. The parties also agree on issue (2) that *Woodward* correctly states the law — in particular, that this Court has broad discretion to expunge the consumer class claims on the grounds relied upon by Judge Bernstein. On issue (3), the Debtors and Committee set forth facts tending to show that this bankruptcy has the same characteristics that led Judge Bernstein to expunge the consumer class claim: the former company is out of

---

[1] "(c) There shall be estimated for purpose of allowance under this section — (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." The Debtors filed a liquidation plan on May 27, 2005, and the Court on June 2 approved the disclosure statement to be sent to creditors prior to their vote on acceptance of the plan. The confirmation hearing is set for July 21, 2005. A condition to the plan is that the aggregate distribution for the five consumer class action claims shall be no greater than $350,000 including attorneys' fees, or, alternatively, that the aggregate allowed amount of Class 5 claims (*i.e.*, all general unsecured claims except ephedra personal injury claims) shall be no greater than $68,300,000.

3

business, the equity interest will be extinguished by the plan, and the unsecured creditors whose claims were allowed after they filed timely individual proofs of claim are expected to receive less than 20¢ on the dollar. Barr's response did not dispute these facts or otherwise attempt to distinguish the "bankruptcy related reasons" from those relied on in *Woodward*.

This Court will not reach the merits of the pending objection and § 502(c)(1) motion until the hearing set for June 28, after Barr and the other putative class claimants have had an opportunity to file opposition papers. On the present record, however, it appears that the objection is very likely to succeed and that, if somehow it did not, the alternative motion is likely to succeed. Unless Barr can distinguish the facts of this case from those of *Woodward*, this Court, sitting in bankruptcy, is very likely to follow the lead of Chief Judge Bernstein in exercising its discretion under the Bankruptcy Code. In the alternative, if the consumer class claims are not expunged, estimation pursuant to § 502(c)(1) appears on the present record to be mandatory. Accordingly, Barr's motion for relief from the automatic stay is denied with leave to renew it if it is still viable after the Court's ruling on the pending objection and motion.

SO ORDERED.

_____
TED S. RAKOFF, U.S.D.J.

Dated: New York, New York
June 6, 2005